IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELLE PETTY,<br>    4939 Sargent Road, NE<br>    Washington, D.C.  20017,<br><br>        Plaintiff,<br><br>        v.<br><br>MARTIN J. GRUENBERG, Chairman,<br>    Federal Deposit Insurance Corp.,<br>    550 17th Street, N.W.<br>    Washington, D.C.  20429,<br><br>        Defendant. | Civil Action No. _____ |

## COMPLAINT
(Employment Discrimination)

### Introduction

1. Plaintiff Michelle Petty brings this civil action pursuant to the Age Discrimination and Employment Act, as amended, 29 U.S.C. § 633a, to remedy acts of unlawful employment discrimination perpetrated against her by her employer, the Federal Deposit Insurance Corporation ("FDIC").

### Jurisdiction

2. This Court has jurisdiction over the subject matter of this civil action pursuant to the Age Discrimination and Employment Act, 29 U.S.C. § 633a.

### Exhaustion

3. Plaintiff exhausted her available administrative remedies by timely contacting an EEO counselor on March 12, 2013, filing a formal complaint of discrimination on July 9, 2013 with the appropriate office at the FDIC (designated as Agency complaint FDICEO-13-033) and no final agency decision ("FAD") on her administrative complaint has been issued. Plaintiff requested a hearing before the EEOC on April 23, 2014, but the EEOC has not issued an Acknowledgment Order or assigned an Administrative Judge. Thus, the case has been pending a hearing for more than 180 days without a final decision.

### Venue

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) as plaintiff resides in the District of Columbia and defendant has offices and does business in the District of Columbia.

### Parties

5. Plaintiff is a fifty-five year-old citizen of the United States and of the District of Columbia. At all times relevant herein, Plaintiff was employed by the FDIC.

6. Defendant, Martin J. Gruenberg is currently the Chairman of the Federal Deposit Insurance Corporation, an independent government corporation of the government of the United States, which has had more than 600 employees in each of the last 20 months. Defendant Gruenberg is here sued only in his official capacity as head of the FDIC.

### Statement of Facts

7. Plaintiff has successfully served the FDIC in its Human Resources Service Center ("HRSC") from 1988 to the present.

8. Plaintiff served the FDIC as the Student Intern Program Coordinator. As Program Coordinator, Plaintiff managed the recruitment, hiring, and FDIC activities of college and high school students under all FDIC Student Intern Programs. Both before and after Ms. Petty held the position, these responsibilities were assigned to employees at the Grade 11 level or higher. Yet, because Ms. Petty engaged in protected activity and because of her age, she was paid at the Grade 9 level for substantially similar work.

9. In 2011, Plaintiff filed an EEO complaint against her then-supervisor Monica Cain based on her age-based hostile treatment of her. In October 2011, as part of the settlement of Plaintiff's discrimination claim, Ms. Cain was no longer permitted to supervise the Plaintiff and the Student Intern Program was transferred to the supervision of Linda Kirton so that Plaintiff could report to her instead of Ms. Cain.

10. In her very first meeting with the Plaintiff, Ms. Kirton raised Plaintiff's protected activity. She asked her why she could not work with Ms. Cain. Plaintiff explained that Ms. Cain had been belligerent, hostile, and abusive toward her. Ms. Kirton appeared sympathetic to Ms. Cain and responded that she (Ms. Kirton) could also be abrupt at times.

11. Ms. Kirton openly asked Plaintiff about her plans to retire. Ms. Kirton also kept a list of the retirement eligibility dates of her subordinates.

12. In December 2012, Ms. Kirton took away Plaintiff's responsibilities as Student Program Manager for the Pathway program. She said that she was moving the program back to Monica Cain and that Plaintiff could no longer work on the program because she "did not want to work with Monica," referencing the fact that she had filed a complaint of discrimination against Ms. Cain.

13. Effective January 27, 2013, Plaintiff was removed from her position as Student Intern Program Coordinator of the Pathway Program. Ms. Kirton told Plaintiff she was going to reassign her to Donna Burgess's team but she did not do so until August 24, 2014, more than a year and a half later. Plaintiff worked without a Position Description from January 27, 2013 until December 11, 2014.

14. From January 2013 to April 2014, Plaintiff was left with limited duties. She still maintained the student programs run by third parties and some of the student activities, but she no longer managed the recruitment and hiring of students by FDIC. This left her without any work to perform approximately seventy-five percent of her time.

15. In April or May 2014, Plaintiff's responsibility for the third party programs and for student activities were also taken away. No reason for this change was given. Plaintiff was left with no duties.

16. Because she had no duties, Plaintiff asked Sharon Gibons, a Human Resources Specialist, for some work. Ms. Gibons gave Plaintiff some secretarial work; she asked her to double check that all Position Descriptions (PD's) were in the computerized Position Description library. If a PD was not in the library, Plaintiff had to scan it into the copier, email it to her, and upload it to the library. This type of work is typically performed by a Grade 4 or Grade 5 employee or student intern.

17. In or about October 2014, Ms. Kirton asked Plaintiff to do another PD project. She asked her to take all of the paper PD's out of their old notebooks, put each in a plastic sleeve, and put them into new notebooks. She also asked that Plaintiff check to see if any PD's were missing in hard copy. This too is work usually performed by a much lower graded employee. In

fact, when Plaintiff was a Grade 7 Classification Assistant in the late 1980's, she performed the very similar task of taking documents out of plastic sleeves and transferring them to new notebooks.

18.    Plaintiff's responsibility for the recruitment and hiring of students was transferred to Dantea Mouzon, a woman in her thirties who had not engaged in protected activity.  Ms. Mouzon is compensated at the Grade 12 for this work, which is substantially to the duties Plaintiff performed at the Grade 9 level.

## Statement of Claims

19.    Defendant, through subordinate FDIC management, has discriminated against Plaintiff on the basis of her age, in violation of the Age Discrimination and Employment Act, by paying her at the CG-9 level when she was performing work at a higher grade and removing her higher-graded responsibilities, constructively demoting her.

20.    As a consequence of such discrimination, plaintiff has suffered and continues to suffer loss of pay, career damage, and personal and professional humiliation, as well as other financial losses and a loss of the enjoyment of life.

21.    Defendant, through subordinate FDIC management, has retaliated against Plaintiff for pursuing and settling an age discrimination claim against the Agency, in violation of the Age Discrimination and Employment Act, by paying her at the CG-9 level when she was performing work at a higher grade and removing her higher-graded responsibilities, constructively demoting her.

22.    As a consequence of such retaliation, Plaintiff has suffered and continues to suffer loss of pay, career damage, and personal and professional humiliation, as well as other financial

losses and a loss of the enjoyment of life.

### Prayer for Relief

23.     Plaintiff requests that the Court advance this case on the calendar and enter an order:

a.     declaring that in the treatment complained of herein, defendant engaged in unlawful age discrimination and retaliation in violation of the Age Discrimination and Employment Act;

b.     requiring defendant to pay to plaintiff the sum of $300,000.00 in compensatory damages, plus interest thereon;

c.     requiring defendant to promote plaintiff to the CG-11 level retroactive to 2012 and provide plaintiff with full back pay, with interest thereon,

d.     requiring defendant to adjust plaintiff's pay to reflect pay and step increase since 2012 at the CG-11 level, with excellent performance ratings and attendant pay increases and bonuses, and provide plaintiff with full back pay, with interest thereon, in accordance with such promotions, pay increases and bonuses;

e.     requiring defendant to correct all records, including plaintiff's Official Personnel Folder so as to reflect the relief ordered by the Court;

f.     enjoining defendant from engaging in any acts of discrimination and/or retaliation against plaintiff in the future;

g.     requiring defendant to pay plaintiff the costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees; and,

    h.    requiring defendant to provide plaintiff with such other and further relief as the Court may find the interests of justice to require.

## Jury Demand

24.    Plaintiff hereby requests a jury trial on all issues of fact, including the measure of damages.

Respectfully submitted,

/s/ Ellen K. Renaud
Ellen K. Renaud
D.C. Bar No. 479376
SWICK & SHAPIRO, P.C.
1101 15TH Street, N.W.
Suite 205
Washington, DC 20005
Tel. 202-842-0300
Fax 202-842-1418
Email - ekrenaud@swickandshapiro.com

Attorney for Plaintiff